UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jesus Adrian Garcia Sosa<br>(A-Number: 241-320-960),<br><br>        Petitioner,<br><br>    v.<br><br>Warden of the California City Detention<br>Center,<br><br>        Respondent. | No.  2:26-cv-01116-KES-EGC (HC)<br><br>ORDER ADOPTING FINDINGS AND<br>RECOMMENDATIONS, GRANTING<br>PETITION FOR WRIT OF HABEAS<br>CORPUS, AND REQUIRING IMMEDIATE<br>RELEASE<br><br>Doc. 1 |

Petitioner Jesus Adrian Garcia Sosa is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 6, 2026, the assigned magistrate judge issued findings and recommendations that recommended granting the petition and ordering petitioner's immediate release.  Doc. 8.  The findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within ten days after service.

On May 18, 2026, respondent filed objections, objecting to the recommendation that petitioner be immediately released and that respondent be enjoined and restrained from re-detaining him without a pre-deprivation bond hearing where it is respondent's burden to show that he is a flight risk or danger.  Doc. 10.  But when a noncitizen has previously been released following a determination that he is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a pre-deprivation bond hearing at which the

1

government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence.  *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).  Courts have required that the burden be on the government because the noncitizen's "initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025).  "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.*  Respondent detained petitioner without providing such a hearing, so petitioner's immediate release subject to a pre-deprivation bond hearing is warranted.

In accordance with 28 U.S.C. § 636(b)(1), the Court reviewed the matter de novo.  Having carefully reviewed the file, including respondents' objections, the Court concludes that the findings and recommendations are supported by the record and proper analysis.

The Court ORDERS:

1.  The findings and recommendations, Doc. 8, are ADOPTED in full.

2.  The petition for writ of habeas corpus, Doc. 1, is GRANTED.

3.  The Clerk is directed to terminate the motion for expedited relief, Doc. 6, and the motion to appoint counsel, Doc. 9, as moot.

4.  Respondent is ORDERED to release petitioner Jesus Adrian Garcia Sosa (A-Number: 241-320-960) immediately.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner unless he demonstrates, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that

his physical custody is legally justified.

5.  Respondent is ORDERED to provide petitioner with a copy of this Order upon his release.

6.  The Clerk of Court is directed to close this case and enter judgment for petitioner.

7.  The Clerk is directed to serve California City Detention Center with a copy of this Order.

IT IS SO ORDERED.

Dated:   May 20, 2026

_____
UNITED STATES DISTRICT JUDGE

3